**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY ELLIS POTTER, | No. 19-55597 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01641-FMO-JC |
| v. | |
| CROSS COUNTRY MORTGAGE, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Jay Ellis Potter appeals pro se from the district court's judgment dismissing

for improper venue his action alleging federal and state law claims arising out of

the foreclosure and sale of his property in Tennessee.  We review de novo.

*Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor (AFL-CIO) v. INS*,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

306 F.3d 842, 868 (9th Cir. 2002).  We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

The district court properly dismissed Potter's action for improper venue

because Potter failed to establish that any defendant resides in the Central District

of California or that a substantial part of the events or omissions giving rise to his

claims occurred there.  *See* 28 U.S.C. § 1391(b)(1), (2) (describing where a civil

action may be brought); *see also* 28 U.S.C. § 1406(a) ("A district court of a district

in which is filed a case laying venue in the wrong division or district shall dismiss,

or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought.").

We reject as meritless Potter's contentions regarding leave to amend, and

defendant Cross Country Mortgage, Inc.'s alleged tacit consent to venue in the

Central District of California.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

19-55597